IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01968-BNB

PHILLIP D. BACA,

Applicant,

v.

KELLY WASKO, Warden, Fort Lyon Correctional Facility,
ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

## ORDER TO FILE AMENDED APPLICATION

---

Applicant, Phillip Baca, is an inmate at the Denver County Jail in Denver, Colorado. He initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on August 3, 2010. Mr. Baca filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on August 18, 2010.

On August 18, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Baca to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Baca was directed to file an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 because the names in the caption of the Motion did not match the names in the caption of his § 2254 Application. Mr. Baca was further instructed to file an amended § 2254 Application naming his current warden,

superintendent or other custodian as the Respondent, and to complete Section "H. Request for Relief."

Mr. Baca has attempted to cure the noted deficiencies within the court-ordered deadline, but his filings are still deficient. Specifically, Mr. Baca has submitted the first page of an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 naming the appropriate Respondent, but the remainder of the Application form is missing. Similarly, Mr. Baca has submitted the caption page of an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action, but he did not complete the body of the Motion. However, Mr. Baca is reminded that the Court does not construe piecemeal filings together. Instead, an amended pleading or motion supersedes the original filing "and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476 (1990). Mr. Baca should therefore have filed the amended pages together with the other pages of the documents to present to the Court a complete amended § 2254 Application and a complete amended § 1915 Motion. Further, Mr. Baca has not completed the "Request for Relief" section of the § 2254 Application. Notwithstanding the deficiencies, the Court granted Mr. Baca leave to proceed in forma pauperis on September 2, 2010.

The Court must construe Mr. Baca's amended § 2254 Application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Mr. Baca will be directed to file an Amended Application that complies with this Order.

Mr. Baca claims that he was wrongfully arrested, charged, convicted and sentenced in Jefferson County Colorado District Court Case Nos. 07CR2340, 07CR3324, 07CR3285, and 07M7699. However, Mr. Baca's Application does not meet the requirements of Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. Mr. Baca must allege specific facts that show a violation of his constitutional rights. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a 'real possibility of constitutional error,'" quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). Fed. R. Civ. P. 8(a) requires that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4). *Pro se* status does not relieve Mr. Baca of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006).

Finally, the Court notes that Mr. Baca filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in Civil Action No. 10-cv-01967-BNB. Mr. Baca

claimed in that action that he was wrongfully arrested, that police officers and other witnesses testified falsely at his criminal trial, and that his trial counsel did not cross examine prosecution witnesses. For relief, Mr. Baca requested expungement of his felony convictions from his record. By Order dated September 9, 2010, this Court dismissed Civil Action No. 10-cv-1967-BNB without prejudice because the claims asserted in that action challenged the validity of Mr. Baca's state court conviction(s) and sentence(s), rather than the execution of his sentence(s), and therefore should have been asserted in an action under 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). In the Court's Order of Dismissal, the Court advised Mr. Baca that he would be allowed to raise all of his claims challenging the validity of his state court convictions and sentences in this case by filing an amended § 2254 Application within thirty days. Accordingly, it is

ORDERED that Applicant Phillip Baca, **within thirty days from the date of this order**, file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Baca's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Baca, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Baca fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED September 13, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01967-BNB

Phillip D. Baca
Prisoner No. 147072
Fort Lyon Corr. Facility
P.O. Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 9/13/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk